# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE

DIAZ FERNANDEZ, JOSE DAVID
d/b/a ANTOJITOS BY JD
xxx-xx-8688

DEBTOR

\* BKRTCY. NO. 23-01946 MCF

\* CHAPTER 13

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
## AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **JOSE DAVID DIAZ FERNANDEZ d/b/a ANTOJITOS BY JD,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1. The Debtor is hereby submitting an amended Chapter 13 Plan, dated March 5, 2024, herewith and attached to this motion.

2. The Plan is amended to modify **Part 4, Section 4.4 to provide for priority Claim No. 5-2 filed by Internal Revenue Service, in the present case.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE

**You are notified that within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 5th day of March, 2024.

/s/Roberto Figueroa Carrasquillo
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

| In Re: | Case No.: **3:23-bk-1946** |
|---|---|
| **JOSE DAVID DIAZ FERNANDEZ** | Chapter 13 |
| **xxx-xx-8688** | ☒ Check if this is a pre-confirmation amended plan |
|  | ☐ Check if this is a post confirmation amended plan |

Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated**   March 5, 2024   .

If this is an amended plan, list below the sections of the plan that have been changed.
4.4
_____

# PART 1: Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

# PART 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $175.00 | 12 | $2,100.00 | |

| $340.00 | 48 | $16,320.00 | |
|---|---|---|---|
| Subtotals | **60** Months | $18,420.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

**2.3** **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4** **Additional payments:**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Coop A/C San Jose | 2019 Mitsubishi Eclipse Cross 4WD VIN NO JA4AS3AA4KZ000972 | $505.21 | $1,559.91 | 0.00% | | $2,079.88 |
| | | Disbursed by: ☐ Trustee ☒ Debtor(s) | | | _____ Months   Starting on Plan Month _____ | |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

⊠    **None.** _If "None" is checked, the rest of § 3.2 need not be completed or reproduced._

3.3    **Secured claims excluded from 11 U.S.C. § 506.**

_Check one._
⊠    **None**. _If "None" is checked, the rest of § 3.3 need not be completed or reproduced._

3.4    **Lien Avoidance**.

_Check one._
⊠    **None.** _If "None" is checked, the rest of § 3.4 need not be completed or reproduced._

3.5    **Surrender of collateral.**

_Check one._
☐    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

⊠    The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Coop A/ C San Jose Claim No. 4-2 | Shares and deposits ($931.67) as per its Claim No. 4-2. |

_Insert additional lines as needed._

3.6    **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| _Name of secured  creditor_ | _$ Amount of APMP_ | _Comments_ |
|---|---|---|
| **None** | | |

_Insert additional claims as needed._

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7    **Other secured claims modifications.**

_Check one._

⊠    **None.** _If "None" is checked, the rest of § 3.7 need not be completed or reproduced._

## PART 4: Treatment of Fees and Priority Claims

4.1    **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2    **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3    **Attorney's fees**

Check one.

☒ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 500.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 3,500.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ 0.00 |

**4.4    Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒      The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in **$10,931.59**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| Departamento de Hacienda Claim No. 3-1 | $3,698.88 |
| Internal Revenue Service Claim No. 5-2 | $7,232.71 |

*Insert additional claims as needed.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒      **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6    Post confirmation property insurance coverage**
*Check one.*
☒      **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐      The sum of $          .
☐      _____% of the total amount of these claims, an estimated payment of $_____.
☒      The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐      If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.**
*Check one.*

☒      **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒      **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Victor Perez Pomales** | <u>Residential property located at Rio Canas Ward, Sect Manantial</u> | $400.00  Disbursed by:  Trustee  [x] Debtor(s) | | | |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1     **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☒      Plan confirmation.
☐      Entry of discharge.
☐      Other: _____

7.2     **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1**    Check "None" or list the nonstandard plan provisions

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c),nonstandard  provisions must be st forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere inthis plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box  Included  in §1.3.

**8.2 This Section modifies LBF-G, Part 3: retention of Lien:**

The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(l) & (ll).

**8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the Plan:**

Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such  Tax Refunds, Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Section modifies LBF-G, Part 3, SEction 3.1; to include post-petition car loan arrears:**

The Debtor proposes to pay Coop A/C San Jose Claim No. 4-1 its pre-petition arrears ($1,559.91) plus post-petition arrears in the sum of $519.97 (July/2023) through the plan. The Debtor to commence making direct post-petition payments to Coop A/C San Jose in August, 2023.

*Insert additional lines as needed.*

# PART 9: Signature(s)

| | | |
|---|---|---|
| */s/Roberto Figueroa Carrasquillo* | Date | **March 5, 2024** |
| **Roberto Figueroa-Carrasquillo** | | |
| **Signature of Attorney of Debtor(s)** | | |
| | Date | |

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

Label Matrix for local noticing
0104-3
Case 23-01946-MCF13
District of Puerto Rico
Old San Juan
Tue Mar  5 07:46:43 AST 2024

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

Coop A/C San Jose
PO Box 2020
Aibonito, PR  00705-2020

Lmminc
1401 N Central Expy
Richardson, TX  75080-4669

JOSE DAVID DIAZ FERNANDEZ
SECT PARACOCHERO 37 CAMINO LOS CRUCES
SAN JUAN, PR 00926-9520

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

COOP A/C SAN JOSE
JOSE A SANTINI BONILLA ESQ
PO BOX 552
AIBONITO, PR 00705-0552

Banco Popular de Puerto Rico
PO Box 362708
San Juan, PR  00936-2708

DEPARTMENT OF TREASURY
SECTION OF BANKRUPTCY 424-B
PO BOX 9024140 SAN JUAN PR, 00902-4140

Safe Home Security
1125 Middle St
Middletown, CT 06457-1686

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

(p)PUERTO RICO TELEPHONE COMPANY DBA CLARO PR
PO BOX 360998
SAN JUAN PR 00936-0998

Departamento de Hacienda
PO Box 9024140
San Juan, PR  00902-4140

Safehome Sec
1125 Middle St
Middletown, CT 06457-1686

OSMARIE NAVARRO MARTINEZ
CHAPTER 13 TRUSTEE
PO BOX 9024062
SAN JUAN, PR 00902-4062

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Claro
PO Box 360998
San Juan, PR  00936-0998

End of Label Matrix
Mailable recipients    15
Bypassed recipients     0
Total                  15